UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA GODWIN,

    Plaintiff,

v.                                           Case No: 8:18-cv-1502-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Victoria Godwin, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and Disability Insurance Benefits ("DIB"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff protectively filed a Title II application for a period of disability and DIB on December 22, 2014, alleging disability beginning September 1, 2012. (Tr. 277-83). Plaintiff's application was denied initially and upon reconsideration. (Tr. 171, 191). Plaintiff requested a hearing and, on February 23, 2017, a hearing was held before Administrative Law Judge Robert Ballieu ("the ALJ"). On June 13, 2017, the ALJ issued an Unfavorable Decision finding Plaintiff not disabled. (Tr. 15-24). Plaintiff requested review of the hearing decision to the Appeals Council and the Appeals Council denied review on May 5, 2018. (Tr. 1-4). The Commissioner's decision became final and Plaintiff therefore filed this civil action in the Middle District of Florida. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2012, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, right knee degenerative joint disease, sciatica with neuralgia, near-morbid obesity, bipolar disorder, and anxiety. (Tr. 17). At step three, the ALJ found that Plaintiff

did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can lift and or carry 10 pounds occasionally and less than 10 pounds frequently. The claimant can stand and/or walk for 2 hours in an 8-hour workday, sit 6 hours in an 8-hour workday, and push/pull limited to the weights given above. The claimant can occasionally climb, kneel, stoop, crouch, and crawl, but can never climb ladders, ropes, or scaffolds. The claimant is able to understand, remember and apply simple instructions. The claimant can interact appropriately with supervisors, coworkers, and the occasionally the general public. The claimant can concentrate, persist and maintain pace for 2 hours at a time. The claimant can manage herself and adapt to routine changes in the workplace.

(Tr. 19-20). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a solderer. (Tr. 23). The ALJ concluded that Plaintiff was not under a disability from September 1, 2012, through the date of the decision, June 13, 2017. (Tr. 24).

**II.    Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by finding that Plaintiff had past relevant work as a solderer. (Doc. 23 p. 5-8). Plaintiff argues that her earning records indicate that her earnings in 2011 and 2012 are not consistent with full-time work. (Doc. 23 p. 5). Plaintiff argues that although her earnings as a solderer in 2012 were above the threshold for presumptive substantial gainful activity, "is is not clear that this constituted substantial gainful activity." (Doc. 23 p. 6). Plaintiff argues that the ALJ was not aware that Plaintiff only worked part-time in 2011 and 2012. (Doc. 23 p. 6). In response, Defendant argues that substantial evidence supports the ALJ's determination that Plaintiff had past relevant work as a solderer. (Doc. 24 p. 5-9).

It is the claimant's burden to prove that she is unable to perform her previous work. *Barnes v. Sullivan*, 932 F.3d 1356, 1359 (11th Cir. 1991) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990); *Cannon v. Bowen*, 858 F.2d 1541, 1544 (11th Cir. 1988); *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986)). "Past relevant work is work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [a claimant] to learn to do it." 20 C.F.R. § 416.960(b)(1). To constitute "substantial gainful activity," the work activity must be both substantial and gainful. 20 C.F.R. § 404.1572. Work activity is "substantial" if it "involves doing significant physical or mental activities." 20 C.F.R. § 404.1572(a). Work activity is "gainful" if a claimant performs the activity for pay or profit. 20 C.F.R. § 404.1572(b).

Generally, if a claimant has worked for substantial earnings, then it will be found that the claimant is able to do substantial gainful activity. 20 C.F.R §§ 404.1574(a)(1), 416.974(a)(1). The regulations provide that earnings "will ordinarily show" substantial gainful activity when the claimant's monthly earnings averaged more than $700 between July 1999 through December 2000, and, beginning January 1, 2001, more than the previous year or the average monthly earnings were more than $700, adjusted for changes in the national average wage index. 20 C.F.R. § 404.1574(b)(2); *McCrea v. Astrue*, 407 F. App'x 394, 396 (11th Cir. 2011). If the claimant's earnings are less than the amount necessary to establish a presumption of substantial gainful activity, the Commissioner "will generally consider . . . that [the claimant has] not engaged in substantial gainful activity." 20 C.F.R. §§ 404.1574(b)(3)(i) and 416.974(b)(3)(i).

In this case, the Court finds no error in the ALJ's determination that Plaintiff is capable of performing her past relevant work as a solderer. The record shows that Plaintiff worked for two years soldering circuit boards for cable equipment for CPE Plus. Further, as Plaintiff concedes, her wages for her soldering work in 2012 were above the threshold established by the SSA earnings

guidelines for 2012. (Doc. 23 p. 6). In 2012, Plaintiff's monthly average earnings were $1,023, while the presumptive threshold level was $1,010. *See "Substantial Gainful Activity"*, Social Security Administration, available at https://www.ssa.gov/oact/COLA/sga.html. Because Plaintiff performed the soldering work during the past fifteen years, performed it long enough to have learned it, and her earnings were greater than the amount necessary to establish a presumption of substantial gainful activity, the ALJ properly concluded that her soldering work qualified as past relevant work.

The Court rejects Plaintiff's argument that her work as a solderer was not past relevant work because it was performed part time. Even part-time work can lead to a finding of not disabled if it constitutes a substantial gainful activity. *Kelley v. Apfel,* 185 F.3d 1211, 1214 (11th Cir. 1999).

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 2, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties